IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANK VINCENT THOMAS, )
#M-17318, )
 )
       Plaintiff, )
 ) CASE NO. 10-cv-997-GPM
vs. )
 )
JOHN COX, GLADYSE TAYLOR, and )
PAT QUINN, )
 )
       Defendants. )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Frank Vincent Thomas, an inmate in Dixon Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Plaintiff was housed at Vienna Correctional Center. Plaintiff is serving a three year sentence for burglary. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this action.

**The Complaint**

Soon after his burglary conviction, Plaintiff was transferred to the Vienna Correctional Center, on November 17, 2010, and placed on the second floor of Building 19. He alleges that the section where he was housed was a storage unit being used as living quarters, and had numerous deficiencies which, along with the overcrowded conditions, made it unsafe and unsanitary. He also claims he obtained documents showing that the building had been condemned.

Plaintiff's housing area had only two toilets for 90-100 prisoners, had no showers, was cold, and had standing water on the floors. It also had leaks in the bathroom ceiling where water

allegedly contaminated with lead paint, asbestos, urine, and waste water from the upstairs showers leaked down onto Plaintiff and others using the restroom. Plaintiff also complains that the restroom was too small, so that inmates were unable to reach the sinks to spit out toothpaste when brushing and had to spit on the floor. Because of the overcrowding, Plaintiff was forced to wait so long to use the toilets that he developed constipation and chronic stomach pain. In addition, although the restroom was cleaned once a day, within thirty minutes it became filthy, smelly, and contaminated with body fluids and waste because of constant use, and no cleaning supplies were provided for the inmates to clean it themselves.

On December 1, 2010, Plaintiff was moved to the third floor of the building, which apparently had similar problems as the second floor. In addition, Plaintiff claims the third floor, like the second floor, had no forced air ventilation. Thus, the shower area on the third floor was constantly wet, and black mold had grown over 80-90% of the ceilings and walls. The ceiling constantly dripped water contaminated with lead paint and mold.

Plaintiff suffers from chronic Hepatitis C, stage 4 cirrhosis and fibrosis of the liver, and a compromised immune system. His liver condition is terminal and he states he has been given between six and twenty-four months to live. Plaintiff claims that the unsanitary conditions placed his life at risk and caused him to feel ill.

On December 3, 2010, Plaintiff was moved out of Building 19. He was later transferred out of Vienna Correctional Center.

Plaintiff seeks compensatory and punitive damages; an order moving him out of Building 19; a preliminary injunction requiring Defendants to repair and open the second restroom on the second floor, and repair and clean the third floor of Building 19; and a permanent injunction

prohibiting Defendants from housing prisoners in Building 19 until it is brought up to code.

The Court notes that as Plaintiff has already been moved to another institution, his transfer request has become moot.

**Discussion**

**Introduction - Unsanitary Conditions of Confinement**

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The objective component of a conditions claim focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The pertinent question is whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim, in other words, the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety. The prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson v. Seiter,* 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994); *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

### A. Limited Access to Restrooms

Plaintiff spent approximately thirteen days housed on the second floor of Building 19, where he had to share two toilets with 90-100 other men. The lengthy wait to use the bathrooms caused Plaintiff to suffer stomach pain and constipation.

The lack of access to toilet facilities for a relatively short period of time has been held not sufficiently serious to state a claim of constitutional dimension. *See, e.g., Clark v. Spey*, Case No. 01-C-9669, 2002 WL 31133198 at *2-3 (N.D. Ill. Sept. 26, 2002) (inmate held in cold cell with no toilet for several hours overnight failed to state a claim); *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1188 (10th Cir. 2003) (pretrial detainee held for five hours in cell lacking a

toilet did not state claim for cruel and unusual punishment).

Without a doubt, Plaintiff suffered some discomfort from having to wait his turn to use the bathroom in the dormitory. However, the Court finds that this aspect of the housing conditions Plaintiff describes is not so objectively egregious as to rise to the level of a denial of the "minimal civilized measure of life's necessities" that would create a substantial risk to his health. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Instead, he has experienced the type of "occasional discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Lunsford v. Bennett*, 17 F.3d 1574,1581 (7th Cir. 1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Therefore, this portion of Plaintiff's complaint fails to state a claim upon which relief may be granted, and shall be dismissed.

**B. Cold**

Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1056-61 (7th Cir. 1991) (finding that deprivation of blankets, inadequate winter clothing, malfunctioning heating system, and broken cell windows for four days in extreme cold could constitute Eighth Amendment violation). The cold need not present an imminent threat to the inmate's health to

implicate the Eighth Amendment. *See Dixon*, 114 F.3d at 642.

Plaintiff says nothing about the specifics of the temperature or related conditions in his housing unit. He states only that "the building is cold all the time" (Doc. 1, p. 4). He does not indicate that he was denied blankets or lacked alternative means to protect himself from the cold. Nor does he claim that he suffered any actual detriment to his health as a result of the alleged cold conditions. Plaintiff was housed for thirteen days on the second floor, then spent three more days on the third floor of Building 19 before he was moved elsewhere. These allegations do not suffice to raise a constitutional claim. The Court finds that Plaintiff's temporary exposure to the cold is another example of the "occasional discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Lunsford*, 17 F.3d at 1581. Accordingly, this portion of Plaintiff's claim shall be dismissed with prejudice.

### C. Exposure to Lead Paint, Asbestos, Mold, and Waste Water

Plaintiff describes wet and humid conditions with poor ventilation in the third floor showers, that led to the growth of black mold on the ceilings and walls. He alleges that waste water from the shower area containing mold, asbestos, lead paint, urine, and body waste, leaked into the second floor bathroom through the ceiling, exposing Plaintiff to these unhealthy substances. Again, Plaintiff does not allege that he suffered any medical or physical symptoms or problems as a result of his possible exposure. Plaintiff's complaint also indicates that his exposure to the leaking water was limited to the times he was using the restroom.

Conditions such as poor ventilation do not fall below "the minimal civilized measure of life's necessities," absent medical or scientific proof that such conditions exposed a prisoner to diseases or respiratory problems which he would not otherwise have suffered. *Dixon,* 114 F.3d

at 645 (quoting *Farmer v. Brennan,* 511 U.S. 825, 833-34 (1994)). In a case where an inmate complained about asbestos-covered pipes near his cell, the Seventh Circuit held that "[e]xposure to moderate levels of asbestos is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual." *McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993). As to the possible mold exposure, while some courts have allowed similar claims to proceed past threshold review, in those cases the plaintiff alleged actual physical symptoms or illness that may have been caused by the mold exposure. *See, e.g., Munson v. Hulick*, Case No. 10-cv-52-JPG, 2010 WL 2698279 (S.D. Ill. July 7, 2010); *Mejia v. McCann*, Case No. 08-C-4534, 2010 WL 653536 (N.D. Ill. Feb. 22, 2010); *Moran v. Rogers*, Case No. 07-cv-171, 2008 WL 2095532 at *1-5 (N.D. Ind. May 15, 2008).

Similarly, Plaintiff's allegations of possible exposure to lead paint, urine, and body waste through the water leaking from the bathroom ceiling do not come close to describing the kind of objectively serious conditions that have been found to state a constitutional claim for cruel and unusual punishment. *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (summary judgment improper where inmate alleged he lived with "filth, leaking and inadequate plumbing, roaches, rodents, the constant smell of human waste, . . . [and] unfit water to drink[.]"); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls); *see also, DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (thirty-six hours with no working toilet, flooded cell and exposure to human waste as well as the odor of accumulated urine, stated Eighth Amendment claim).

Plaintiff has not alleged that he suffered any physical ailment from the possible exposure to mold, asbestos, lead paint, or other substances in the leaking waste water. Whether he experienced any exposure at all to potentially disease-causing substances is speculative, and moderate exposure without any physical symptoms does not rise to the level of a constitutional claim. Although Plaintiff's liver disease may make him more susceptible to health problems from unsanitary conditions than other inmates, Plaintiff includes no allegations that he developed any medical complications as a result of the sixteen-day period he was housed in Building 19. Therefore, this portion of Plaintiff's claim shall be dismissed with prejudice.

Plaintiff also mentions the generally unsanitary condition and inadequate cleaning of the bathroom, lack of access to cleaning supplies, standing water on floors, and states the second floor of Building 19 had no showers (although Plaintiff never states he was denied access to use a shower in another part of the building). Like his allegations of exposure to toxins and germs through the leaking waste water, although unpleasant, these claims do not state objectively serious conditions of a constitutional dimension. *See Vinning-El*, 482 F.3d at 924; *Jackson*, 955 F.2d at 22; *Johnson*, 891 F.2d at 139.

To sum up, the Court finds that the allegations in the complaint do not suffice to meet the objective component of a deliberate indifference claim for unsanitary conditions.

**Defendants Cox, Quinn and Taylor**

Not only has Plaintiff failed to allege an objectively serious deprivation of his rights, he has also utterly neglected to describe knowledge or behavior on the part of the named Defendants that meets the subjective component of a deliberate indifference claim. Plaintiff states that Defendant Cox is the warden of the Vienna Correctional Center, however, Plaintiff

never claims that he brought his complaints about the unsanitary conditions to the attention of Defendant Cox, nor, for that matter, to any other individual prison employee. Therefore, Plaintiff has made no showing that Defendant Cox was aware of the conditions, let alone that he acted or failed to act despite having knowledge of a substantial risk of serious harm to Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994); *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994).

Plaintiff did file a grievance over the conditions in Building 19 (Doc. 1, p. 7-8), to which he got no response. Plaintiff suspected that his grievance may have been destroyed. Whether or not this was the case, neither the destruction of nor lack of response to a grievance gives rise to a constitutional claim. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Although Defendant Cox is the head administrator of the prison and supervises all other employees, this is not enough to establish liability on his part. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th

Cir. 1983).

The claims against Defendant Taylor, the Director of the Illinois Department of Corrections (IDOC), and Defendant Governor Quinn, are even more attenuated. Plaintiff's complaint contains no allegations against these Defendants, aside from stating that Defendant Taylor is responsible for all prisons including Vienna Correctional Center, and that Defendant Quinn is responsible for all state agencies including the IDOC. However, this is not enough for liability to attach. Plaintiff asserts only that these Defendants are responsible by virtue of their supervisory authority, and as stated above, this doctrine is not applicable in a civil rights action under § 1983. *Sanville*, 266 F.3d at 740.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** in its entirety, with prejudice. Defendants **COX, TAYLOR,** and **QUINN** are **DISMISSED** from this action with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:** 7/27/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge